■ In the Matter of STEVEN DENNEHY, Appellant, v THOMAS A. COUGHLIN, III, et al., Respondents.—Judgment unanimously reversed, on the law, and matter remitted to Supreme Court, Wyoming County, for further proceedings, in accordance with the following memorandum: An attorney with the Wyoming County-Attica Legal Aid Bureau, Inc., assigned to represent petitioner, commenced this CPLR article 78 proceeding on behalf of petitioner to nullify a Superintendent's proceeding conducted at the Attica Correctional Facility which resulted in a penalty of special confinement and 60 days' loss of good time. On this appeal from the denial of his petition, we sustain petitioner's *pro se* claim that he was denied the effective assistance of counsel because the issue of misidentification, the basis of his defense at the disciplinary hearing, was not raised at Special Term. The form petition, prepared and sworn to by petitioner's attorney, alleges that the Superintendent's proceeding was "illegally conducted" and recites a litany of rights but contains no factual allegation and fails to allege that the procedures used to identify petitioner were overly suggestive. No transcript of the proceedings in Special Term was made a part of the record; consequently, we are unable to determine whether this issue was in fact raised. However, the petition fails to comply with the requirements of the CPLR, makes no claim of misidentification and is facially deficient. The judgment is reversed and the matter remitted to Special Term for a new hearing with leave to the petitioner to amend his petition to assert issues related to his identification as the perpetrator of the alleged assault and other pertinent claims. (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Callahan, J. P., Denman, Boomer, Pine and Schnepp, JJ.